IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELL MALONE | : | |
| | : | |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| ERIKA EVITTS | : | |
| and | : | |
| KELSEY FINIZIO | : | |
| and | : | |
| JOSEPH RYAN | : | |
| | : | |
| *Defendants* | : | |

## COMPLAINT WITH JURY DEMAND

This action is filed by Plaintiff Cornell Malone against Defendants Erika Evitts, Kelsey Finizio, and Joseph Ryan, seeking damages under 42 U.S.C. § 1983 for malicious prosecution in violation of Mr. Malone's rights under the Fourth Amendment to the United States Constitution, as well as state law liability for malicious prosecution, negligent infliction of emotional distress, and willful misconduct in connection with the subject incident and series of events.

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### Venue

2. A substantial part of the events and omissions giving rise to the claims set forth herein occurred in Philadelphia, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Pennsylvania.

**Parties**

3. Plaintiff Cornell Malone (hereinafter referred to as "Mr. Malone") is an adult individual, a citizen of the United States, and a resident of the Commonwealth of Pennsylvania, domiciled in the City and County of Philadelphia, Pennsylvania.

4. Defendant Erika Evitts ("Officer Evitts") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, and who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement and patrol officer within the Philadelphia Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. She is named as a defendant in her individual capacity.

5. Defendant Kelsey Finizio ("Officer Finizio") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, and who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement and patrol officer within the Philadelphia Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. She is named as a defendant in her individual capacity.

6. Defendant Joseph Ryan ("Det. Ryan") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, and who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement officer and detective within the Philadelphia Police Department, acting and/or failing to act within the

course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

## Factual Background

7. On November 26, 2019 and for a period of time prior thereto, Mr. Malone resided in a third floor apartment at 4627 Greene Street, Philadelphia, PA.

8. During the evening of November 26, 2019, Mr. Malone came home from work and saw a busted-out window on his vehicle which was parked in front of his residence.

9. Mr. Malone called Philadelphia Police 911 to report the damage to his vehicle and, shortly thereafter, a male Philadelphia police officer arrived at the scene and took a report.

10. After a brief time, Mr. Malone was in his apartment when he heard banging on his door.

11. Mr. Malone cracked opened his apartment door and saw two female police officers (Officer Evitts and Officer Finizio) standing on the narrow stairway outside his apartment, along with Veronica Dials ("Ms. Dials), Mr. Malone's former girlfriend and the mother of two of his young children.

12. Ms. Dials did not live with Mr. Malone and did not have a key to his apartment.

13. One of the female police officers ordered Mr. Malone to open the door and let in Ms. Dials so she could get some belongings, and threatened Mr. Malone that if he did not do so, he would be taken into custody.

14. Knowing he had done nothing wrong and believing Ms. Dials had no belongings in the apartment, Mr. Malone closed the door.

15. Officer Evitts and/or Officer Finizio continued knocking on Mr. Malone's door and demanding that Mr. Malone let in Ms. Dials.

16. The police officers' aggressive, lawless conduct made Mr. Malone feel unsafe in his apartment.

17. Mr. Malone again opened his apartment door, planning to go outside and either see if the male police officer was still there or go to a place where he felt safe.

18. Upon opening the door, Mr. Malone was confronted by Officer Finizio, Ms. Dials, and Officer Evitts, standing one behind the other on the narrow stairway down from his apartment.

19. Mr. Malone stated to the officers that he did not feel safe and that he just wanted to go outside.

20. Mr. Malone stepped out of his apartment and onto the top step of the stairway.

21. Mr. Malone then locked the door to his apartment, turned, and calmly and peacefully tried to walk down the left side of the stairway, holding the handrail and repeatedly saying, "excuse me."

22. Mr. Malone calmly squeezed by Officer Finizio and, after Mr. Malone said "excuse me" multiple times, Ms. Dials moved aside to let him pass.

23. As soon as Ms. Dials moved aside, Officer Evitts forcefully grabbed Mr. Malone with both hands and shook him like a ragdoll, apparently trying to throw him down the stairway.

24. Mr. Malone held the handrail for safety as Officer Evitts continued grabbing him.

25. Mr. Malone let go of the handrail and Officer Evitts fell down the stairs.

26. Feeling threatened and fearing for his safety, Mr. Malone ran from the scene and was subsequently arrested.

27. In connection with the aforesaid incident, Officer Evitts, Officer Finizio, and Det. Ryan initiated and participated in criminal proceedings against Mr. Malone for the following

charges: aggravated assault [18 Pa. C.S. § 2702(a)], simple assault [18 Pa. C.S. § 2701(a)], and reckless endangerment [18 Pa. C.S. § 2705].

28. In connection with the aforesaid criminal charges, Mr. Malone was confined to jail and placed on house arrest for an extended period of time.

29. On May 18, 2022, after a waiver trial in the Court of Common Pleas of Philadelphia County, the Court found Mr. Malone not guilty of all three crimes with which he was charged.

30. Neither Officer Finizio nor Officer Evitts had a legal basis for demanding entry to Mr. Malone's apartment, stopping or detaining him, or preventing him from leaving his apartment.

31. Mr. Malone never pushed Ms. Dials, Officer Finizio, or Officer Evitts.

32. Mr. Malone did not commit any offense nor engage in any conduct justifying the actions of Officer Evitts, Officer Finizio, or Det. Ryan with regard to the aforesaid prosecution.

33. Defendants' aforesaid prosecution of Mr. Malone was based on intentional falsehoods by Officer Finizio and Office Evitts and was not supported by probable cause.

34. As a direct and proximate result of the aforesaid incident and series of events, Mr. Malone has sustained the following damages and harms:

    (a) Violations of his rights under the Fourth Amendment of the United States Constitution to not be subjected to malicious prosecution;

    (b) Pain, suffering, fear, anxiety, embarrassment, humiliation, emotional distress, and post-traumatic stress, some or all of which may be permanent;

    (c) Confinement and loss of liberty;

    (d) Lost wages and lost earning capacity; and

    (e) Legal expenses.

35. Defendants acted in concert and conspiracy and are jointly and severally responsible for all injuries and damages directly and proximately caused to Mr. Malone.

36. Defendants acted negligently, willfully, wantonly, intentionally, and/or with deliberate indifference to Mr. Malone's constitutional, statutory, and common law rights.

**FIRST CLAIM FOR RELIEF**
**CORNELL MALONE v. ERIKA EVITTS**
*(42 U.S.C. § 1983)*

37. Mr. Malone incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

38. Officer Evitts deprived Mr. Malone of his right to be secure in his person from malicious prosecution and thus violated Mr. Malone's rights as guaranteed by the Fourth Amendment of the United States Constitution.

39. Specifically, Officer Evitts initiated and participated in the aforesaid prosecution of Mr. Malone without probable cause, the prosecution caused Mr. Malone to suffer a deprivation of his liberty, and the prosecution ended in Mr. Malone's favor.

40. As a direct and proximate result of Officer Evitts's aforesaid acts and omissions, Mr. Malone has sustained the damages and harms set forth in ¶ 34, *supra*.

**SECOND CLAIM FOR RELIEF**
**CORNELL MALONE v. KELSEY FINIZIO**
*(42 U.S.C. § 1983)*

41. Mr. Malone incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

42. Officer Finizio deprived Mr. Malone of his right to be secure in his person from malicious prosecution and thus violated Mr. Malone's rights as guaranteed by the Fourth Amendment of the United States Constitution.

43. Specifically, Officer Finizio initiated and participated in the aforesaid prosecution of Mr. Malone without probable cause, the prosecution caused Mr. Malone to suffer a deprivation of his liberty, and the prosecution ended in Mr. Malone's favor.

44. As a direct and proximate result of Officer Finizio's aforesaid acts and omissions, Mr. Malone has sustained the damages and harms set forth in ¶ 34, *supra*.

## THIRD CLAIM FOR RELIEF
## CORNELL MALONE v. JOSEPH RYAN
### *(42 U.S.C. § 1983)*

45. Mr. Malone incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

46. Det. Ryan deprived Mr. Malone of his right to be secure in his person from malicious prosecution and thus violated Mr. Malone's rights as guaranteed by the Fourth Amendment of the United States Constitution.

47. Specifically, Det. Ryan initiated and participated in the aforesaid prosecution of Mr. Malone without probable cause, the prosecution caused Mr. Malone to suffer a deprivation of his liberty, and the prosecution ended in Mr. Malone's favor.

48. As a direct and proximate result of Det. Ryan's aforesaid acts and omissions, Mr. Malone has sustained the damages and harms set forth in ¶ 34, *supra*.

## FOURTH CLAIM FOR RELIEF
## CORNELL MALONE v. ERIKA EVITTS, KELSEY FINIZIO, and JOSEPH RYAN
### *(State Law Claims)*

49. Mr. Malone incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

50. Defendants' aforesaid acts and omissions constituted malicious prosecution, negligent infliction of emotional distress, and willful misconduct under the laws of the

Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

51. As a direct and proximate result of Defendants' respective aforesaid acts and omissions, Mr. Malone has sustained the damages and harms set forth in ¶ 34, *supra*.

### REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional and statutory rights;

(b) Compensatory damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and costs; and

(e) Such other and further relief as the court deems reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: February 14, 2024
s/ Richard M. Wiener
Richard M. Wiener, Esquire
PA Attorney I.D. No. 68041
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*