IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORNELL MALONE** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 24-663 |
| | : | |
| **ERIKA EVITTS**, *et al.* | : | |

**McHUGH, J.**                                                                                                                            **July 22, 2025**

### MEMORANDUM

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff prevailed on a claim of malicious prosecution against one of the Philadelphia police officers sued, and his counsel, Richard Wiener, Esquire, now petitions for an award of counsel fees and costs pursuant to § 1988(b), in the total amount of $163,482.70. Defendant submits that the award of fees should be dramatically lower, raising three specific objections.

First, the City contends that Mr. Wiener's hourly rate should be reduced. Next, it argues that there should be an eight-hour reduction for the time billed. Finally, and most significantly, it contends that the modest verdict at trial – an award of $10,000 against only one of three officers sued – represents "limited success" in the case, justifying a fee no greater than $21,406.90.

As to rate, the parties accept that the well-recognized fee schedule established by Community Legal Services of Philadelphia is the appropriate benchmark.[1] The dispute centers on Mr. Wiener's specific experience in litigating civil rights claims. Mr. Wiener's claimed rate of $850 is based upon 25 years of experience. The City objects that although he has litigated for more than 25 years, he has only handled civil rights claims for some 15 years, such that his rate

---

[1] *See Rayna P. v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 565 (D. Del. 2019) (McHugh, J.).

should be $580 per hour. There is some merit to this argument, but Mr. Wiener's other experience is in the litigation of personal injury claims, which involves core competencies that would carry over as he expanded his practice into civil rights. Weighing these competing considerations, I conclude that the appropriate rate is $750 per hour.

As to the hours billed, I agree with the City, but on a different basis. Counsel seeks compensation for 19.5 hours in responding to the City's motion for summary judgment, and 12 hours in preparation of the fee petition, 2.5 hours of which is logged as legal research. With respect to summary judgment, the existence of a critical factual dispute was self-evident, so much so that the motion was denied in a three-sentence Order. *See* ECF 14. And as to counsel fees, the controlling law is well-established and presumably readily at hand for an experienced civil rights lawyer. I will therefore reduce the hours claimed by the 8 hours the City requests, for a total of 181.9 compensable hours. At an hourly rate of $750, this yields $136,425 for Mr. Wiener's time, which, when added to time expended by his paralegal of $1,822.50 and reimbursable costs of $245.20, establishes a lodestar amount of $138,492.70.

The question then becomes whether the lodestar amount should be significantly reduced on the basis that success in the case was limited. The City is correct that the "degree of success obtained" must be considered. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The Supreme Court has explained that, in determining a fee award, "[t]here is no precise rule or formula . . . The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. In cases where a plaintiff brings distinct claims based on separate legal theories, a failure to prevail on a distinct claim should result in no fee award for counsel's work on the unsuccessful claim. *Id.* at 434-35. But in cases like this, where the claims are based on a "common core of facts" and "related legal theories,"

courts should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

More recently, in *Fox v. Vice*, 563 U.S. 826, 834 (2011) the Supreme Court returned to this issue, echoing the principles established by *Hensley*, and further refining the analysis:

> Plaintiffs may receive fees under § 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes. That result is what matters, we explained in *Hensley v. Eckerhart*: A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if the plaintiff failed to prevail on every contention. The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work cannot be deemed to have been expended in pursuit of the ultimate result achieved. But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of his civil rights.

As a threshold matter, given the differential between the jury's verdict in this case and the requested fee, it is critical to note that the Third Circuit has specifically held that courts "may not diminish counsel fees in a section 1983 action to maintain some ratio between the fees and the damages awarded." *Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1041 (3d Cir. 1996). Nonetheless, "[t]he amount of damages awarded, when compared with the amount of damages requested, may be one measure of how successful the plaintiff was in his or her action, and therefore may be taken into account when awarding attorneys' fees to a civil rights plaintiff." *Id.* at 1042 (citation omitted).

The City approaches the analysis by taking the three defendants sued and the three causes of action asserted as to each, and arguing that Plaintiff prevailed on 11% of the case, having prevailed only as to one defendant on one theory. But this is far too simplistic given the controlling case law and the purposes served by an award of fees under § 1988.

3

A fee award cannot compensate counsel "for work performed on claims that bore no relation to the grant of relief." *Fox*, 563 U.S. at 834. Here, there was one core claim rooted in a common set of facts – malicious prosecution. Advancing claims under both federal and state law did not add to the discovery of this action, and although Plaintiff stipulated to the dismissal of Detective Ryan at summary judgment, his deposition would have been warranted regardless. And the claim for negligent infliction of emotional distress did not protract the litigation or complicate discovery. For whatever reason, it is a claim that lawyers routinely bring and just as routinely withdraw, as happened here by consent at summary judgment. The central issue was whether Plaintiff's Fourth Amendment rights were violated, and the jury found that they were. The result "that matters," to use the terminology employed by a unanimous Supreme Court in *Fox*, is whether the outcome "has corrected a violation of federal law." *Fox*, 563 U.S. at 834. I therefore decline to adopt the City's formulation of the issue.

But *Fox* also allowed consideration of whether the relief is "meaningful," and the Third Circuit in *Washington* allows consideration of the amount of the verdict as "one measure" of the degree of success. Although the adjusted lodestar is not inflated given how closely related all the claims were, I am persuaded that a downward reduction is warranted because the amount of the verdict represents a clear limitation of the degree of success. But it bears emphasis that this does not necessarily reflect poorly on the efforts or the advocacy of Plaintiff's counsel. Plaintiff did not present well to the jury, and the facts here presented certain innate challenges. Two female officers were responding to a call for domestic assistance, and Plaintiff was a male on probation for a prior offense who was accused by his girlfriend of unreasonably denying access to supplies necessary to care for their baby. Counsel navigated these unsympathetic background facts and prevailed, albeit with a modest verdict. In the final analysis, however, the jury clearly found that one of the

4

officers improperly pursued criminal charges and wanted to enforce federal law and hold that officer accountable.  And, as observed by the Senate Judiciary Committee in its report advancing § 1988, "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain."  S. Rep. No. 94-1011, at 2 (1976).

Taking all these considerations into account, I deem a further reduction in the amount of $30,000 to be the appropriate offset.  With an hourly rate of $750, this yields $106,425 for Mr. Wiener's time, which, when added to time expended by his paralegal of $1,822.50 and reimbursable costs of $245.20, establishes a final amount of $108,492.70.

/s/ Gerald Austin McHugh
United States District Judge